UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JILL MCAULEY,

Plaintiff,

v.

CITY OF TACOMA, a Washington municipal corporation

Defendant.

Case No.

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER THE AMERICANS WITH DISABILITIES ACT AND THE WASHINGTON LAW AGAINST DISCRIMINATION**

## I. INTRODUCTION

Plaintiff Jill McAuley is an individual with disabilities. She requires and receives Personal Care Assistant (PCA) funding through Community First Choice or Consumer Direct Network of Washington to assist with all of her Activities of Daily Living (ADL). These ADLs include, but are not limited to, bathing, dressing, toileting, repositioning, eating, and drinking.

Ms. McAuley requires a PCA to attend and enjoy live entertainment events, including events hosted at the Tacoma Dome, owned and/or operated by Defendant City of Tacoma



WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

("Tacoma"). Without a PCA present with Ms. McAuley at these events, she cannot receive the benefits of Tacoma's facilities, programs, and services equal to the opportunities afforded to people without disabilities.

In other words, Ms. McAuley requires a PCA with her to enjoy the same privileges equally as everyone else. Yet, Tacoma has a policy requiring Ms. McAuley, and others needing a PCA, to pay an additional "surcharge" for this kind of support in the form of charging for PCA admission.

Charging for admission of the PCA of a patron with a disability discriminates against persons with disabilities who require the assistance of a caregiver. This policy violates Title II of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12131-12165, and the implementing regulation, 28 C.F.R. Part 35.

Further, charging for PCA admission discriminates against people with disabilities who require the assistance of a PCA. This discrimination violates the Washington Law Against Discrimination (WLAD), RCW 49.60.

## II. JURISDICTION AND VENUE

1. The jurisdiction of this Court is invoked under 28 U.S.C. § 1331; 28 U.S.C. §§ 1343(a)(4); and 28 U.S.C. § 1367.

2. This Court has jurisdiction in this matter pursuant to 28 U.S.C. § 1331 because the claims are being made pursuant to a federal statute, the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132, and the corresponding federal regulations, 28 C.F.R. Part 35.



WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

3. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1343(a)(4) as this is an action to recover damages or to secure equitable relief under the ADA and the corresponding federal regulations.

4. This Court has supplemental jurisdiction per 28 U.S.C. § 1367 over claims brought under WLAD, RCW 49.60, which claims arise out of the same nucleus of facts as the claims under federal law.

5. This Court may grant equitable relief pursuant to 42 U.S.C. § 12133, and may award fees, expenses and costs to a prevailing party pursuant to 42 U.S.C. § 12205.

6. This Court may enjoin further violations, grant equitable relief, may award fees, expenses and costs to a prevailing party or grant any other appropriate remedy pursuant to RCW 49.60.030(2).

7. This Court has personal jurisdiction over Tacoma because they conduct continuous and systematic business in the Western District of Washington, and because this cause of action arises out of those activities and the impact of those activities on Ms. McAuley.

8. Venue is appropriate in the Western District of Washington because the alleged events occurred in this District, and Tacoma does business in this District. 28 U.S.C. § 1391.

## III. PARTIES

9. Plaintiff Jill McAuley is a Washington resident who resides in this district.

10. Ms. McAuley uses a power wheelchair.

11. Ms. McAuley requires accessible seating and the presence of a caregiver to attend and enjoy the activities and programs hosted by Tacoma, including live music performances at the Tacoma Dome.



WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

12. Ms. McAuley receives services through CDWA to assist her with her ADLs.

13. Defendant is a municipal corporation organized under the laws of the State of Washington.

14. The Tacoma Dome is owned, managed, and operated by Tacoma through its Tacoma Venues & Events division. *See* About Us, Tacoma Venues & Events, https://www.tacomavenues.org/about (last visited Sept. 24, 2026) (listing the Tacoma Dome as one of the venues that Tacoma Venues & Events manages).

## IV. FACTUAL ALLEGATIONS

15. Ms. McAuley has been diagnosed with quadriplegia.

16. Ms. McAuley requires a power wheelchair for mobility.

17. Ms. McAuley's disability substantially limits one or more of her major life activities, including, but not limited to, walking, eating, drinking, dressing, and transferring.

18. Ms. McAuley requires the assistance of caregivers to assist her more than thirteen hours a day. Due to extensive care needs, Ms. McAuley also receives Exception to The Rule (ETR) hours to increase her PCA service hours to 393 hours a month. Ms. McAuley is eligible for Medicaid as a low-income person with a disability.

19. Ms. McAuley requires a PCA to attend and enjoy the activities and programs at events operated by Defendant. Ms. McAuley cannot attend or participate in activities at these facilities without a PCA present. She cannot receive the benefits of Defendant's facilities, programs, and services equal to the opportunities afforded to people who do not have disabilities without a PCA.



WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

20. To meet her care needs, Ms. McAuley's PCA must be seated next to her for the duration of live entertainment events. Ms. McAuley cannot be left alone by her PCA for an extended period. Ms. McAuley can independently use her phone with a stylus, Ms. McAuley needs a PCA with her or close by, in case her stylus, phone, or other communication device is inaccessible. For example, sometimes Ms. McAuley's her stylus, phone, or other communication device falls to the ground and needs someone there to give it back to her promptly. Additionally, Ms. McAuley needs a PCA in case her power wheelchair stops working, if she needs to use the restroom, or in times of sudden or unanticipated need. Furthermore, Ms. McAuley generally uses voice commands to send messages on her phone. At the same time, she cannot use voice-activated features on her phone or other communication devices during a concert because the inherently loud music or sound interferes with her ability to use her voice to communicate or issue commands.

21. Ms. McAuley regularly attends live music concerts and festivals.

22. On August 27, 2026, Ms. McAuley emailed Tacoma Dome to inquire about their PCA policy. Ms. McAuley inquired because she would like to attend the Pentatonix Christmas in the City tour on November 5, 2026 (hereinafter "Pentatonix concert").

23. Ms. McAuley explained that she had a disability and required a PCA for her to attend. Ms. McAuley stated that her PCA would be present only to assist her and not watch the concert and requested that they not charge for admission of her PCA.

24. A day later, Tiffany Hernandez, Guest Experience Manager for the Tacoma Dome, replied to Ms. McAuley about her requests.

25. Below is the response that Ms. McAuley was provided.



WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

**From:** Hernandez, Tiffany <THernandez@tacomavenues.org>
**Sent:** Friday, August 28, 2026 9:33 AM
**To** [redacted]
**Subject:** RE: PCA policy

Hi Jill,

Thank you for reaching out and for sharing this information with us. We'd be happy to have you and your caregiver join us for the upcoming Pentatonix concert.

The Tacoma Dome does not offer complimentary Personal Care Attendant or companion tickets. All individuals entering the venue are required to have a valid event ticket, including caregivers or attendants, regardless of whether they are attending to watch the performance or solely to provide personal care and assistance.

Your caregiver is absolutely welcome to accompany you and assist with your needs throughout the event; they would need to purchase a ticket for entry. We recommend purchasing accessible seating together so you can remain with one another throughout the event.

If you have any questions about accessible seating or other accessibility resources available during your visit, please feel free to reach out.

We're happy to help make your experience as smooth and comfortable as possible.

**Tiffany Hernandez**
she/her
Guest Experience Manager
**Phone** [redacted]

26.

27. As stated above, a representative for the Defendant, Tiffany Hernandez, informed Ms. McAuley that the Tacoma Dome does not offer complimentary PCA admission. Ms. Hernandez further informed Ms. McAuley that anyone entering the Tacoma Dome would need to pay for entry, even a PCA attending solely to assist Ms. McAuley during the concert.



WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

28. This additional "surcharge"—in the form of an additional separate paid ticket—for admission of a required PCA is a policy or practice enforced by Defendant at Defendant's performing arts venues in the State of Washington.

29. Ms. McAuley and other similarly situated individuals are unable to enjoy the benefits of Defendant's facilities without an accompanying PCA. Yet, Defendant still charge for PCA admission.

30. This "surcharge" for PCA admission is an obstacle for Ms. McAuley to attend and enjoy events at Defendant's facilities. Ms. McAuley will be able to attend and enjoy more events at the Tacoma Dome if she is not required to pay at least twice the admission fee of patrons who do not need a PCA.

31. Defendant's discriminatory PCA admission policy prevents Ms. McAuley from attending more events at the Tacoma Dome because Ms. McAuley, and others similarly situated, have to pay an additional "surcharge" for admission of their PCA, even if the PCA attends only to assist the individual with a disability, and not to personally enjoy the event.

32. Defendant's policy of imposing a disability "surcharge" by requiring a separate admission ticket for PCAs discriminates against people with disabilities in violation of Title II of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12132, and the implementing regulation, 28 C.F.R. Part 35.[1] The protections of the ADA are intended to apply broadly to attain "expansive coverage to the maximum extent permitted by the terms of the ADA." 28 C.F.R. § 35.101(b).

---

[1] Title II of the ADA as to the prohibition of discrimination on the basis of disability is codified at 42 U.S.C. §§ 12131–12134.



WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

33. Defendant's policy of imposing a disability "surcharge" by requiring a separate admission ticket for PCAs discriminates against people with disabilities in violation of the Washington Law Against Discrimination (WLAD), RCW 49.60 *et seq.*

34. Because of Defendant's PCA policy, Ms. McAuley cannot enjoy any of the privileges or benefits of the Pentatonix concert without being discriminated against on the basis of disability, a policy and or practice that the federal government seeks to mandatorily eliminate comprehensively through "clear, strong, consistent, [and] enforceable standards." 42 U.S.C. § 12101(b)(1)–(4).

35. But for Defendant's PCA policy, Ms. McAuley would have purchased tickets for the Pentatonix concert by now, along with the Elevation Worship performance also at the Tacoma Dome on February 26, 2027, among other events that Ms. McAuley may intend on seeing as well in the future.

36. Neither the ADA nor the WLAD requires any advance notice to the party alleged to have discriminated. However, in order to avoid the time, expense, and uncertainty inherent with civil litigation, Ms. McAuley's counsel, sent a demand letter to Defendant on September 14, 2026, requesting a meeting over Zoom to attempt to resolve the matter without litigation.

37. On September 22, Adam Cook, Director of Tacoma Venues & Events, replied via email to express disagreement that Tacoma violated the ADA and WLAD by failing to offer complimentary admission to Ms. McAuley's PCA for the Pentatonix concert.

38. Mr. Cook also declined to meet with Mr. Reynoldson over a Zoom call to discuss these issues and begin discussing a potential settlement.



WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

39. As a result of this response, Ms. McAuley has no choice but to file this lawsuit to enforce her rights under the ADA and the WLAD.

## V. CAUSES OF ACTION

### A. **<u>Count I - Violation of the Americans with Disabilities Act (ADA) 42 U.S.C. §§ 12132 and 28 C.F.R. § 35.130(a) – Discrimination by a Public Entity</u>**

40. The allegations of the preceding paragraphs are hereby re-alleged and incorporated by reference as if fully stated herein.

41. McAuley is a person with a disability as defined in the ADA, 42 U.S.C. § 12102.

42. McAuley's disability substantially limits the major life activities of walking, eating, drinking, dressing, and transferring. 42 U.S.C. § 12102(2)(A). On these grounds, Ms. McAuley is a "qualified individual with a disability" and is thus protected from discrimination on the basis of disability under the ADA.

43. The Pentatonix concert is scheduled to take place at the Tacoma Dome, owned or operated by the City of Tacoma, a local municipal government under Title II of the ADA. As the owner or operator of the Tacoma Dome, Defendant may not discriminate by excluding or denying qualified individuals with disabilities "the benefits of the services, programs, or activities of a public entity." 42 U.S.C. § 12132; 28 C.F.R. § 35.130(a)-(b).

44. "Public entity" includes state or local governments, along with "any department, agency, special purpose district[s], or other instrumentality of a State or States or local government." 42 U.S.C. § 12131(1)(A)-(B). The Ninth Circuit has not opined on what counts as an "instrumentality" in the specific context of the ADA, "instrumentality" has been interpreted in other circuits to mean "creature[s] of a state or municipality." *Green v. City of New York*, 465



WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

F.3d 65, 79 (2d. Cir. 2006). As an organization directly under the City of Tacoma that operates the Tacoma Dome and sets admission related policies, Tacoma Venues & Events is subject to the obligations under ADA Title II not to discriminate on the basis of disability.

45. McAuley cannot enjoy the services, facilities, privileges, advantages, or accommodations of facilities hosted or organized by Tacoma without the PCA services of her PCA that the State of Washington funds.

46. McAuley is unable to enjoy the services, facilities, privileges, advantages, or accommodations of the Tacoma Dome on an equal basis with other guests, because Defendant requires them, and other patrons with disabilities similarly situated to them, to pay twice as much as patrons without disabilities to receive the same benefit.

47. By imposing a disability "surcharge" to Ms. McAuley for her necessary PCA, Ms. McAuley is forced to pay double the admission cost of other patrons without disabilities else, let alone receive the same benefit of watching a performance as would patrons without disabilities, Tacoma violates 42 U.S.C. § 12132.

### B. Count II - Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132 and 28 C.F.R. § 35.130(f) – Surcharge for Auxiliary Aids and Program Accessibility

48. The allegations of the preceding paragraphs are hereby re-alleged and incorporated by reference as if fully stated herein.

49. Defendant discriminates against Ms. McAuley, and other similarly situated patrons with disabilities, on the basis of disability by failing to ensure that no individual with a disability is excluded, denied services, or otherwise treated differently because of the absence of required



WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

auxiliary aids and services, in violation of Title II of the ADA, 42 U.S.C. § 12132, and its implementing regulation at 28 C.F.R. § 35.130(f).

50. In fact, the language of 28 C.F.R. § 35.130(f) states, explicitly:

> A public entity may not place a surcharge on a particular individual with a disability or any group of individuals with disabilities to cover the costs of measures, such as the provision of auxiliary aids or program accessibility, that are required to provide that individual or group with the nondiscriminatory treatment required by the Act or this part.
>
> 28 C.F.R. § 35.130(f).

51. The Ninth Circuit has never decided a case that alleges discrimination because the defendant has a policy and/or practice of charging admission for a PCA. However, a federal court in the Third Circuit struck down a nonprofit museum's policy to impose an additional surcharge for PCA admission. *Anderson v. Franklin Inst.*, 185 F. Supp. 3d 628, 643 (E.D. Pa. 2016) ("[T]he ADA requires PCAs to receive free general admission when accompanying their severely disabled clients to [the Franklin Institute]").

52. Ms. McAuley's case directly addresses the same issue: a PCA "surcharge" that the court struck down in *Anderson*. The auxiliary aid or means of obtaining program accessibility for Ms. McAuley is the assistance of her PCA, whom Ms. McAuley requires to be able to patronize to patronize the Tacoma Dome, controlled and/or operated by Defendant, a local municipality and thus, a public entity under the ADA.

53. As stated earlier, Ms. McAuley has a disability that substantially limits her ability to perform multiple major life activities, thus triggering protection from discrimination under the ADA.



WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

54. This means that Defendant cannot impose any additional "surcharges" on Ms. McAuley, or any other similarly situated patrons, for PCA admission.

55. A representative from Defendant, in her capacity as an employee for the City of Tacoma, was on notice that Ms. McAuley has a disability and requires the assistance of a PCA to attend and enjoy events at the Tacoma Dome. However, Ms. Hernandez explicitly informed Ms. McAuley that she must pay admission for her PCA to attend, even if her PCA is only attending to assist Ms. McAuley.

56. Permitting Ms. McAuley, and other similarly situated patrons with disabilities, to attend without paying a "surcharge" for admission of her PCA, would not fundamentally alter the nature of the Defendant's goods, services, facilities, privileges, advantages, or accommodations and would not result in an undue burden, or significant difficulty or expense, for Tacoma.

### C. **Count III - Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132 and 28 C.F.R. § 35.130(b)(7) – Reasonable Modifications**

57. The allegations of the preceding paragraphs are hereby re-alleged and incorporated by reference as if fully stated herein.

58. Defendant discriminates against Ms. McAuley, and other similarly situated guests with disabilities, on the basis of disability. Defendant denies Ms. McAuley the full and equal enjoyment of "the benefits of the services, programs, or activities of a public entity," in violation of Title II of the ADA, 42 U.S.C. § 12132, and its implementing regulation at 28 C.F.R. Part 35.

59. The ADA, through its implementing regulations, generally requires public entities to provide reasonable modifications to their policies, practices, or procedures when these reasonable modifications are needed to prevent discrimination based on disability. 28 C.F.R. §



WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

35.130(b)(7)(i). An exception to this general rule is if the public entity in question can demonstrate how the reasonable modifications "fundamentally alter the nature of the service, program, or activity." *Id*.

60. On information and belief, it is Defendant's explicit policy and or practice to require patrons with disabilities, like Ms. McAuley, to pay a "surcharge" for PCA admission at events organized by defendant.

61. Here, Ms. McAuley inquired about Defendant's PCA admission policy. Defendant responded by informing Ms. McAuley that she must pay a separate "surcharge" for her PCA to attend events with her at the Tacoma Dome. As a result of this practice, it is prohibitively expensive for Ms. McAuley, and other similarly situated patrons with disabilities, to attend events at the Tacoma Dome.

62. Permitting PCA admission without a separate surcharge for events at the Tacoma Dome would not fundamentally alter the nature of Tacoma's goods, services, facilities, privileges, advantages, or accommodations and would not result in an undue burden, or significant difficulty or expense, for Defendant.

63. Defendant's violations of Title II include, but are not limited to, failing to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, in violation of 42 U.S.C. § 12132, and its implementing regulation at 28 C.F.R. § 35.130(b)(7).



WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

**D. <u>Count IV - Title II of the Americans with Disabilities Act, 28 C.F.R. § 35.130(b)(3) – Criteria or Methods of Administration</u>**

64. The allegations of the preceding paragraphs are hereby re-alleged and incorporated by reference as if fully stated herein.

65. Defendant discriminates against Ms. McAuley, and other similarly situated patrons with disabilities, by utilizing criteria or methods of administration that have the effect of subjecting qualified individuals with disabilities to discrimination, on the basis of disability under ADA Title II through its implementing regulation at 28 C.F.R. § 35.130(b)(3)(i).

**E. <u>Count V - Violation of the Washington Law Against Discrimination</u>**

66. The allegations of the preceding paragraphs are hereby re-alleged and incorporated by reference as if fully stated herein.

67. The WLAD, per RCW 49.60, defines "place[s] of public resort, accommodation, assemblage or amusement" as including "any place, licensed or unlicensed, kept for gain, hire, or reward, or where charges are made for admission . . . whether conducted for the entertainment or where food or beverages of any kind are sold for consumption on the premises, or where public amusement, entertainment, sports, or recreation of any kind is offered with or without charge." RCW 49.60.040(2).

68. Defendant controls and/or operates venues for live music and other events, including those taking place in the Tacoma Dome. At these events, among other responsibilities, Defendant charges the public for admission to attend these events, and provides the space for the Pentatonix concert to occur.



WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

69. Places of public accommodation are required to grant "reasonable accommodation[s]" in order to make their services equally available to people with disabilities. Washington Administrative Code (WAC) 162-26-080.

70. "Reasonable accommodation" is "action, reasonably possible in the circumstances, to make the regular services of a place of public accommodation accessible to persons who otherwise could not use or fully enjoy the services because of the person's sensory, mental, or physical disability," and "accessible" is defined as "usable or understandable by a person with a disability," WAC 162-26-040(2).

71. Defendant is required by the WLAD to take reasonable steps to make its offerings accessible to Ms. McAuley, and similarly situated individuals with disabilities, through no longer charging for PCA admission for PCAs of patrons with disabilities when their assistance is necessary to use or fully enjoy the services offered.

## VI. CONCLUSION

72. Ms. McAuley is entitled to relief pursuant to the provisions of Title II of the ADA. 42 U.S.C. §§ 12131-12134, and their implementing regulation, 28 C.F.R. Part 35, and incorporating the remedies of 29 U.S.C. § 794a.

73. Ms. McAuley is entitled to relief pursuant to the provisions of the WLAD. RCW 49.60.040 and the pertinent WAC 162-26-040 and WAC 162-26-080 regulations.

## VII. PRAYER FOR RELIEF

74. Ms. McAuley requests relief from this court as follows:

75. For a declaratory judgment stating that Defendant discriminates against Ms. McAuley, and similarly situated patrons with disabilities, in violation of Title II of the ADA and in



WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

violation of the WLAD by requiring patrons with disabilities who require the assistance of a PCA to attend the live music facilities pay a separate "surcharge";

76. For a declaratory judgment stating that the ADA and WLAD requires Defendant to cease their policy and/or practice of a "surcharge" for PCA admission;

77. To permanently enjoin Defendant, its officers, agents, and employees, and all other persons in active concert or participation with Defendant, from discriminating against patrons with disabilities by requiring them to pay a separate admission ticket for their PCA for the Pentatonix concert and all other events to occur in the Tacoma Dome;

78. Order Defendant to permanently modify policies, practices, or procedures where necessary to afford individuals with disabilities a full and equal opportunity to participate in and benefit from events at the Tacoma Dome, including ending the PCA "surcharge" policy;

79. Order Defendant to develop and implement permanent policies and procedures to provide the full and equal enjoyment of its facilities and services to patrons with disabilities including the admission, without payment of a PCA when their presence is necessary for patrons with disabilities, like Ms. McAuley;

80. Order Defendant to design and implement appropriate staff training programs to ensure that all personnel affiliated with the Defendant who have contact with members of the public (whether employees or independent contractors) are adequately trained on the policies related to the provision of goods and services to patrons with disabilities including admission of PCAs who are necessary to assist patrons with disabilities;

81. Award all costs of court, including reasonable attorneys' fees, pursuant to 42 U.S.C. § 12205 and RCW 49.60.030(2);



WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

82. And order any such additional and further relief as the interests of justice may require and is appropriate.

DATED: October 5, 2026



WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

Presented by:

WASHINGTON CIVIL & DISABILITY ADVOCATE

*/s/ Conrad Reynoldson*
Conrad Reynoldson, WSBA #48187
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 876-8515
Conrad@wacda.com

*/s/ Dustine Bowker*
Dustine Bowker, WSBA #63263
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172
Dustine@wacda.com

LATE KNIGHT LEGAL, PLLC

*/s/ Paul Boudreaux*
Paul Boudreaux, WSBA #49038
P.O. Box 65367
University Place, WA 98464
(253) 656-4475
lateknightlegal@gmail.com

*Attorneys for Plaintiff*